UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| TACARRO MORGAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV615-068 |
| | ) | CR613-018 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to wire fraud conspiracy and aggravated identity theft, Tacarro Morgan moves under 28 U.S.C. § 2255 to vacate her sentence. Doc. 19.[1] She claims that the district judge committed a variety of errors in calculating her recommended sentence under the U.S. Sentencing Guidelines.[2] *Id.* at 6-8. Preliminary review under Rule

---

[1] All citations are to the criminal docket unless otherwise noted, and all page citations are those imprinted by the Court's docketing software.

[2] Specifically, she contends that (1) her criminal history score should have been three, not five; (2) the district judge wrongly denied her credit for acceptance of responsibility; (3) she should have received sentencing credit for providing substantial assistance to the Government; (4) she should not have received an enhancement for using sophisticated means to commit fraud; (5) the district judge incorrectly calculated the actual and intended losses; and (6) she harmed only one victim, not more than fifty. Doc. 19 at 6-8.

4 of the Rules Governing Section 2255 Proceedings shows her motion must be denied.

Morgan pled guilty pursuant to a plea agreement that contained appeal and collateral attack waivers that barred all direct appeals (except in limited circumstances inapplicable here) and § 2255 motions challenging her conviction and sentence. Doc. 12 at 6-7. After reviewing a Presentence Investigation Report (PSR) prepared months after Morgan's guilty plea hearing, the district judge sentenced her to 66 months imprisonment. Doc. 13. Although she raised several objections to the PSR at her sentencing hearing (*see* PSR Addendum), Morgan never appealed her sentence.

"A § 2255 motion, it must be remembered, may not be used as a 'surrogate' for a missed direct appeal." *Jones v. United States*, 2015 WL 464243 at * 1 (S.D. Ga. Jan. 28, 2015) (citing *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)); *see Stone v. Powell*, 428 U.S. 465, 478 n. 10 (1976) (28 U.S.C. § 2255 will not be allowed to do service for an appeal). "Under the procedural default rule, a defendant generally must

advance an available challenge[3] to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (footnote added).

A procedural default may be overcome if the movant can show "cause excusing h[er] failure to raise the issue previously and prejudice from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Morgan, however, makes no cause or prejudice showing. Her failure to raise her Guidelines calculation claims on direct appeal thus bars them from consideration in this case.

Even if she could show cause and prejudice or hadn't procedurally defaulted her claims in the first place, Morgan's collateral attack waiver bars her claims. Waivers like hers "will be enforced if . . . either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Benitez–Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

---

[3] All of Morgan's Guidelines-based sentencing claims were available on direct appeal unlike, say, an ineffective assistance of counsel claim (which she does not assert). *See United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir.2005) ("Except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance on direct appeal.").

3

By signing the plea agreement, doc. 12 at 10, Morgan confirmed that she "read and carefully reviewed th[e] agreement with [her] attorney," understood "each provision of th[e] agreement," and voluntarily agreed to it. *Id.* And, after the Government summarized the agreement and read the appeal and collateral attack waivers into the record, doc 29 at 28-29, she stated that she understood their import and agreed to their inclusion. She confirmed her understanding again after the district judge explained the waivers a second time. *Id.* at 30. Because the district court specifically questioned her about the waiver and the plea hearing transcript (doc. 29) makes clear that Morgan understood the impact of that waiver, it is enforceable. *Benitez–Zapata*, 131 F.3d at 1446.[4]

---

[4] Morgan contends that "[s]ince [she] was unaware of the miscalculation of her points and Criminal History Level at the time she accepted th[e] plea, it was not accepted knowingly." Doc. 19 at 6. Had she "been aware that these errors had occurred, th[e] waiver would not have been acceptable." *Id.*

That's pure applesauce. *King v. Burwell*, ___ U.S. ___, 135 S. Ct. 2480, 2501 (2015) (Scalia, J., dissenting). Post-plea events (e.g., errors at sentencing, or a lawyer's incompetence on appeal) simply have no bearing on whether a defendant knowingly and intelligently pled guilty. And, as all defendants do, Morgan pled guilty *before* the Probation Officer prepared the Presentence Investigation Report (PSR) that contained the alleged Guidelines calculation errors. *Compare* doc. 12 (plea agreement signed November 1, 2013), *with* PSR at 18 (signed by probation officer on June 2, 2014). By that point, she knew quite well that she had limited avenues for contesting Guidelines calculation errors. *See* doc. 29 at 30 (acknowledging that her appeal waiver meant that, after pleading guilty, she could no longer challenge any

Accordingly, Tacarro Morgan's § 2255 motion should be **DENIED**. Her motion for default judgment (doc. 27) is **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA–worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1), (2); Rule 11(a) of the Rules Governing Section 2255 Proceedings ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED**, this  12th  day of May, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

attorney, Court, or law enforcement errors associated with her criminal charges); *id.* at 31-32 (explaining that Morgan could not withdraw her guilty plea "simply because [she] didn't get the sentence [she] thought [she] should have gotten"). Any errors in the PSR and resulting sentence may have provided valid appeal claims (excepting, of course, that Morgan waived her right to appeal), but they could not undergird a claim that she unintelligently pled guilty.