# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| TACARRO MORGAN, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Case No. CV615-068 |
| | ) | CR613-018 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Magistrate Judge's recommendation that Tacarro Morgan's 28 U.S.C. § 2255 motion be denied as procedurally defaulted. Doc. 30.[1] In her objection, Morgan, for the first time, argues that the presence of appeal and collateral attack waivers in her plea agreement created an attorney conflict that voids the agreement, which in turn negates her procedural default (she never appealed her conviction). *See* doc. 34 at 2-3. As the Court recently stated in another case, however, such waivers do not create attorney-client conflicts.[2] Her

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] To the contrary:

plea agreement and her waivers remain valid and her failure to appeal remains a procedural default.

Hence, Morgan's objection is **OVERRULED**, the Report and Recommendation of the Magistrate Judge (doc. 30) is **ADOPTED** as the opinion of the Court, and Morgan's motion is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of June, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Long has the Eleventh Circuit approved the use of such waivers and never has it found one to inherently generate a conflict. *See United States v. Benitez-Zapata*, 131 F. 3d 1444, 1446 (11th Cir. 1997) (waivers enforced if the court questions the defendant about it or if the record otherwise shows he understood its full significance). The Georgia Supreme Court -- the ultimate arbiter of ethical rules that apply to attorneys practicing in Georgia, including in this Court -- also approves of such waivers, *see Allen v. Thomas*, 265 Ga. 518, 520 (1995) ("[W]aivers of the right to appeal and waivers of the right to seek post-conviction relief" each "comport[ ] with public policy[ ] and [are] enforceable."), and has never found conflicts. In fact, Fed. R. Crim P. 11(b)(N) expressly contemplates appeal and collateral attack waiver provisions. Doing so would be strange indeed if such provisions violated a defendant's Sixth Amendment rights.

*Drayton v. United States*, 2016 WL 2646650 at * 2 (S.D. Ga. May 9, 2016).

2